UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CR-19-TAV-DCP-3 |
| JAMES THARPE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 205]. In defendant's motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The government has responded in opposition [Doc. 206].

**I.   Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended

guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii)

## II.     Factual Background

Defendant pleaded guilty to conspiracy to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) [Doc. 96]. As part of his plea agreement, defendant agreed, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that a sentence of 120 months' imprisonment was appropriate [*Id.* ¶ 4(c)]. At the time of sentencing, defendant received two criminal history points because he committed the instant offense while under a criminal justice sentence in Butts County, Georgia [Presentence Investigation Report ("PSR") ¶ 75]. Combined with his 8 other criminal history points, defendant had a total of 10 criminal history points, resulting in a criminal history category of V [*Id.* ¶ 76]. With a total offense level of 19 and criminal history category of V, defendant's guideline range was 57 to 71 months' imprisonment as to the controlled substances offense, but, because the

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

3

firearm offense carried a mandatory 60-month sentence that must run consecutive to any other sentence imposed, defendant's effective guideline range was 117 to 131 months [*Id.* ¶ 98].

The Court sentenced defendant on July 25, 2022, to 120 months' imprisonment [Doc. 150], which is within the range produced by the Guidelines.

**III.  Analysis**

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts.  U.S. Sent'g Guidelines Supp. to App. C, amend. 821.  First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence.  *Id.*  Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence.  *Id.*  Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1.  *Id.*

4

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant seeks a sentence reduction under Amendment 821's revision of section 4A1.1. Applying Amendment 821, defendant should receive the eight criminal history points for his prior convictions in Fulton County, Georgia, Troup County, Georgia, and Butts County, Georgia [PSR ¶¶ 71–73]. However, because his total criminal history points are only eight, he should receive only one additional "status point." U.S. Sent'g Guidelines Supp. to App. C, amend. 821. A total of seven criminal history points results in a criminal history category of IV. U.S. Sent'g Guidelines, Sent'g Table. A total offense level of 19 and a criminal history category of IV results in an amended guideline range of 46 to 57 months' imprisonment for the controlled substances offense. *Id.* Adding the 60-month mandatory consecutive sentence for the firearms offense, defendant's amended effective guideline range is 106 to 117 months' imprisonment. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sent'g Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court

6

determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics. As reflected in the Presentence Investigation Report, in 2000, defendant was convicted in this Court on a charge of possession with intent to distribute cocaine base and was sentenced to 200 months' imprisonment to be followed by 8 years of supervised release [PSR ¶ 51]. Defendant was released from custody and began his 8-year term of supervised release in September 2018, and by February 2019, defendant was again selling cocaine base, which resulted in the instant conviction and a revocation of his supervised release in March 2019, just over 6 months into the 8-year term [*Id.* ¶¶ 16, 51]

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[2] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence,

---

[2] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 564 U.S. 319 (2011).

7

the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sent'g Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that defendant has incurred two disciplinary sanctions, with the most recent occurring in August 2024, for assault and threatening bodily harm [Doc. 206, p. 3]. Defendant was also deemed "non-promotable" for GED classes [*Id.*]. Additionally, while defendant previously held work assignments, he was "unassigned" at the time of the government's response due to his disciplinary infraction and placement in the Special Housing Unit [*Id.*]. On these grounds, the government urges the Court to decline to reduce defendant's sentence [*Id.*].

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence is not appropriate. In making this determination, the Court is particularly influenced by defendant's prior criminal history, his post-sentencing conduct, and the need to protect the public from future crimes. The Court has also taken into consideration the nature and circumstances of defendant's offense, defendant's personal characteristics, and the changes to defendant's guideline range under Amendment 821. The Court specifically notes that defendant's sentence of 120 months is only 3 months outside the amended guideline range of 106 to 117 months. And defendant agreed that this sentence was an appropriate disposition of this case in his plea agreement [Doc. 96]. Given these factors, the Court finds that leaving defendant's sentence at the agreed-upon 120 months' imprisonment is appropriate.

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 205] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
